```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          NORTHERN DIVISION


PENNY C. SIDWELL,                     )
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )    Case No. 2:04 CV 84 DDN
                                      )
JO ANNE B. BARNHART,                  )
Commissioner of Social Security,      )
                                      )
          Defendant.                  )
```

**MEMORANDUM OPINION**

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff Penny C. Sidwell for disability insurance benefits and supplemental security income benefits based on disability under Title II and Title XVI of the Social Security Act. A hearing was held in this court on January 18, 2006.

**Background**

On February 3, 2003, plaintiff applied for benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq., respectively. In her application, Sidwell alleged she became unable to work on May 9, 2001, on account of impairments of her back and left leg which prevent her from any lifting, or standing, or sitting for long periods of time. (Tr. 96, 105.) Plaintiff worked as a waitress in a restaurant from 1978 to approximately 1982. (Tr. 114.)

Her impairments stem from a 1984 motorcycle accident in which she injured her back, fractured her left lower leg which required amputation below the knee, and fractured her right ankle which required two surgeries. (Tr. 138.) Thereafter, from 1989 to 2001 she worked in the activity department of a nursing home and for approximately two months as a cook in a nursing home in 2001. (Tr. 114.)

The administrative record before the Social Security Administration includes plaintiff's earnings record, disability reports, a work history report, a claimant questionnaire, a written medical and vocational

statement by plaintiff, a daily activities questionnaire, medical records from medical consultant Gary Rucker, D.O., a consultant's Residual Functional Capacity Assessment, Pike County Hospital records, the medical records of plaintiff's treating physician Howard Greene, M.D., Dr. Greene's written statement of plaintiff's ability to do work-related activities (physical), and Dr. Greene's May 3, 2004, letter (listed only in the record of the Appeals Council).

Following a hearing held on May 11, 2004, an Administrative Law Judge determined that plaintiff Sidwell, who at age 42 with a high school education, suffered from severe impairments: lower left leg amputation below the knee with stump complications, a history of right ankle fracture, lumbosacral strain, and migraine headaches. He found that these impairments did not meet the requirements of the Commissioner's listing of disabling impairments. He also found that plaintiff's allegations were not totally credible, and that she had the residual functional capacity (RFC)

> to perform the exertional and nonexertional requirements of [sedentary] work that does not require lifting/carrying more than 5 to 10 pounds, standing/walking more than 1 to 2 hours in an 8-hour workday, sitting more than 6 to 7 hours in an 8-hour workday, work at heights or around hazardous machinery, climbing, balancing, stooping, kneeling, crouching, and crawling more than occasionally, pushing/pulling in the left lower extremity, and work around vibrations or uneven terrain.

(Tr. 19.) Based on this RFC the ALJ found that plaintiff could perform unskilled jobs of order clerk, assembler, and surveillance monitor. Therefore, the ALJ and the Appeals Council concluded that plaintiff was not disabled under the Act.

**Discussion**

Plaintiff argues (1) the ALJ ignored the opinion of treating physician Dr. Greene, in his letter of May 3, 2004, that she is permanently disabled; (2) the ALJ improperly discredited her testimony about the longevity of her complaints; and (3) the ALJ's hypothetical question to the vocational expert at the hearing was improper.

The court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial the court must consider evidence that detracts from as well as supports the Commissioner's decision. See Brosnahan v. Barnhart, 336 F.3d 671, 675 (8th Cir. 2003). So long as substantial evidence supports the final decision the court may not reverse merely because opposing substantial evidence exists in the record or because the court would have decided the case differently. See Krogmeier, 294 F.3d at 1022.

Dr. Greene's letter

Plaintiff argues that the ALJ did not give legally sufficient consideration to Dr. Greene's disability opinion, set forth in his letter of May 3, 2004. The letter states three things. First, Dr. Greene summarized plaintiff's medical history, i.e., plaintiff had been his patient since 1996, she had the motorcycle accident with the left leg amputation, she has had low back pain since 1998, she has pain in her left knee, she developed a skin ulceration of her leg stump, she "has been unable to use her leg prosthesis for a period of time," and she has low back pain. (Tr. 239.) These findings are consistent with Dr. Greene's clinical reports: on August 3, 2003, plaintiff reported back pain; on July 3, 2004, she reported that she hurt her knee and was suffering from back pain and migraine headaches; thereafter in 2004 she continued to suffer pain in her low back and her stump, she suffered from headache, and she was unable to use her prosthesis. (Tr. 214-24.) These findings are consistent with the opinions set out in Dr. Greene's subsequent May 10, 2004 Medical Source Statement: plaintiff's ability to do work-related activities is limited by her inability to use a prosthesis but must rely on crutches. (Tr. 224-27.) The medical condition statements in the December 3 letter are also consistent with the findings the ALJ made. (Tr. 17-18.)

-3-

Second, Dr. Greene's letter gave a conditional prognosis, i.e., a surgical revision of her stump might improve her condition. (Tr. 239.) This clearly implied that the medical impairment of her stump would likely last until after further surgery. This statement of the medical condition of plaintiff's stump is at odds with the findings of the ALJ,[1] but is consistent with Dr. Greene's other statements set forth above, and with the statements of the physical therapist in February 2004, which include references to several months before February 2004. (Tr. 172.) Third, in his letter Dr. Greene stated an opinion about her employability, i.e., she has been unable to work for the past three years, and "at this time, I believe that she is permanently disabled." (Tr. 239.) As set forth above, Dr. Greene's opinion is surrounded by his basic clinical findings that are consistent with this opinion.

When presented with evidence not reviewed by the ALJ when making his decision, but submitted to the Appeals Council, the reviewing court must "speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing," and remand may not be proper. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994); see also Flynn v. Chater, 107 F.3d 617, 621-22 (8th Cir. 1997); Rhodes v. Apfel, 40 F.Supp.2d 1108, 1124-25 (E.D. Mo. 1999). Dr. Greene's letter was considered by the Appeals Council. (Tr. 6, 239.)

Such an opinion by a treating physician can be considered by the ALJ when it is supported by other data the physician considered regarding the plaintiff's condition. Sarna v. Barnhart, 32 Fed.Appx. 788, 791 (8th Cir. 2002). "The opinions of the claimant's treating physicians are entitled to controlling weight if they are supported by and not inconsistent with the substantial medical evidence in the record." Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). "Such opinions are given less weight if they are inconsistent with the record

---

[1] "The record also does not establish that claimant's inability to use her prosthesis is expected to last for a continuous 12 month period, given that stump problems appear related to prosthesis fit, which has been satisfactory, as evidenced by her significant work history." (Tr. 17.) Also, the ALJ considered plaintiff's difficulties with her stump to be "short term." (Tr. 18.)

as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." Id.; Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). Clearly this opinion is supported by data generated by Dr. Greene and would have been considered by the ALJ and given controlling weight.

In his written opinion dated June 25, 2004, the ALJ expressly considered Dr. Greene's clinic notes (Tr. 217-24), and his written statement of her ability to do physical work-related activities (Tr. 225-28). From the former, the ALJ noted that Dr. Greene stated that on February 17, 2003, plaintiff could not use her prosthesis due to skin lesions, and on March 1, 2004, that plaintiff continued to have ulcers on her left stump and was having back pain and headaches. (Tr. 217.) From the latter, the ALJ noted that Dr. Greene stated that plaintiff's ability to sit was unaffected by her impairments, but that her being on crutches and unable to use her prosthesis "at this time" limited her ability to work. (Tr. 18.) The ALJ characterized Dr. Greene's treatment notes as showing that plaintiff has had "mostly only routine medical care for the past several years." (Tr. 19.) Clearly, had the ALJ considered Dr. Greene's letter of May 3, 2004, in its proper context and given it considerable weight, the ALJ would have found that plaintiff's disabling condition existed for the requisite period of time.

## Plaintiff's credibility

In his written opinion the ALJ discredited plaintiff's testimony about the temporal duration of her impairments:

> I find her testimony credible as to her current condition but not fully credible as to any continuous 12 month period. She was able to work at a high level job for many years after the amputation, apparently with the use of her prosthesis, which is some evidence that her prosthesis problems and skin lesions can be resolved. Further, she has not received significant medical treatment for her impairments for the period she is alleging. . . . Her daily activities prior to her current stump complications also indicate that there is some work that she can do.

(Tr. 19.) As above, if the ALJ had considered Dr. Greene's letter of May 3, 2004, and given it the appropriate weight he would have found

that plaintiff's "stump complications" lasted the requisite period of time. Further, the record unequivocally establishes that her productive work record up to 2001 does not provide a basis for finding that, without further surgery, her stump complications would be resolved.

For these reasons, the final decision of the Commissioner is not supported by substantial evidence. The ALJ would have awarded a period of disability beginning one year prior to plaintiff's application[2] and resulting benefits. Plaintiff's appeal is sustained. An order in accordance with this memorandum is issued herewith.

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 24, 2006.

---

[2] See 42 U.S.C. § 423(b).